# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher Keith, being first duly sworn, hereby depose and state as follows:

1. That your affiant is a Deportation Officer, U.S. Immigration and Customs Enforcement, United States Department of Homeland Security, and a graduate of the Federal Law Enforcement Training Center (FLETC). I have been employed as a federal officer for over twenty-eight years. I have served as a U.S. Border Patrol Agent, a Deputy U.S. Marshal (1811, Criminal Investigator), a Federal Air Marshal, and an Immigration and Customs Enforcement Deportation Officer. I have conducted numerous investigations, including investigations of administrative and criminal violations of the Immigration & Nationality Act (INA).

2. That the information contained in this affidavit is based on your Affiant's personal participation in this investigation and from information provided to your Affiant by other law enforcement officers. This Affidavit is being submitted for the limited purpose of establishing probable cause to support the arrest of **Carlos Yoel LARIOS-Pablo** (hereafter referred to as **LARIOS**) and I have not included each and every fact known to me concerning this investigation and have set forth only those facts that I believe are necessary for said purpose.

3. That on or about May 19th, 2026, I learned that United States Park Service had arrested an individual (**LARIOS**) on federal charges of Driving Under the Influence and other traffic related offenses and booked him into the Buncombe County, North Carolina Detention Facility. A review of the National Crime Information Center (NCIC) database tentatively identified **LARIOS** as being an alien who had been previously removed from the United States and who had not applied for, or received, permission from the United States Attorney General or the Secretary of Homeland Security to apply for admission.

4. That this affiant performed research in immigration enforcement databases, using information provided by **LARIOS** to law enforcement at the time of his arrest, and identified **LARIOS** as **Carlos Yoel LARIOS-PABLO**, Alien# 221 015 564, an alien who had been issued an Order of Expedited Removal pursuant to section 235(b)(1) of the Immigration and Nationality Act (ACT), on April 26th, 2024.

5. That this affiant filed an I-247A (Immigration Detainer/ Notice of Action) and I-205 (Warrant of Removal/Deportation) with the Buncombe County Detention Center.

6. That subsequent to **LARIOS's** initial appearance on the pending federal driving/traffic related charges that he was fingerprinted by the United States Marshals Service and those fingerprints were entered into the Joint Automated Booking System (JABS) which directly interfaces with the Federal Bureau of Investigation (FBI) Next Generation Identification database (NGI) and the Department of Homeland Security (DHS) Automated Biometric Identification System (IDENT).

7. That **LARIOS's** fingerprints established a biometric match that he is the same **Carlos Yoel LARIOS-PABLO** that had been previously ordered removed from the United States on April 26th, 2024, and removed from the United States to Mexico through Laredo, Texas on April 27th, 2024. **LARIOS's** fingerprints identified him as being previously assigned FBI# 5T95EMCP6, Alien# 221 015 564, and DHS Fingerprint Identification Number (FIN) 1359993924. The NCIC record and other law enforcement indices revealed that LARIOS was previously deported from the United States on at least two occasions.

8. That your Affiant reviewed a certified electronic, databased copy of immigration file A# 221 015 564 related to **LARIOS** and discovered the following:

   a. That **LARIOS's** true name is **Carlos Yoel LARIOS-PABLO**;
   b. That **LARIOS** was born in Tlatlauquitepec, Puebla, Mexico;
   c. That **LARIOS** is a native and citizen of Mexico;
   d. That **LARIOS** entered the United States at or near an unknown place on or about April 26th, 2024;
   e. That on April 26th, 2024, a United States Border Patrol (USBP) Agent encountered and interviewed **LARIOS** near the Laredo, Texas Port of Entry;
   f. That on April 26th, 2024, **LARIOS** was ordered removed from the United States of America pursuant to an Order of Expedited Removal under section 235(b)(1) of the INA;
   g. That on April 27th, 2024, **LARIOS** was issued a Form I-296 (Notice to Alien Removed/Departure Verification), informing **LARIOS** that he is prohibited from entering, attempting to enter, or being in the United States for a period of 5 years from the date of his departure and that he may be charged criminally under federal statute for doing so;
   h. That on April 27th, 2024, **LARIOS** was removed from the United States to Mexico, on foot, through the Laredo, Texas, Port of Entry.
   i. That **LARIOS** illegally reentered the United States at or near an unknown place on or about an unknown date;

j. That on May 4th, 2024, USBP agents encountered and arrested **LARIOS** near Laredo, Texas and issued him a Form I-871 (Notice of Intent/Decision to Reinstate Prior Order) and a Form I-294 (Warning to Alien Ordered Removed or Deported) informing him that as an alien who has illegally reentered the United States, after having been previously deported or removed from the United States, that he was prohibited from entering, attempting to enter, or being in the United States for a period of 20 years from the date of his departure and that he may be charged criminally under federal statute for doing so;

k. That on May 5th, 2024, **LARIOS** was removed from the United States to Mexico, on foot, through the Laredo, Texas, Port of Entry.

l. That **LARIOS** illegally reentered the United States at or near an unknown place on or about an unknown date;

m. That on May 11th, 2024, USBP agents encountered and arrested **LARIOS** near Laredo, Texas. That on May 12th, 2024, **LARIOS** was issued a Form I-871 (Notice of Intent/Decision to Reinstate Prior Order) and a Form I-294 (Warning to Alien Ordered Removed or Deported) informing him that as an alien who has illegally reentered the United States, after having been previously deported or removed from the United States, that he was prohibited from entering, attempting to enter, or being in the United States for a period of 20 years from the date of his departure and that he may be charged criminally under federal statute for doing so;

n. That on May 13th, 2024, **LARIOS** was removed from the United States to Mexico, on foot, through the Laredo, Texas, Port of Entry.

o. That **LARIOS** illegally reentered the United States at or near an unknown place on or about an unknown date;

p. That on May 16th, 2024, USBP agents encountered and arrested **LARIOS** near Laredo, Texas. That on May 16th, 2024, **LARIOS** was issued a Form I-871 (Notice of Intent/Decision to Reinstate Prior Order) and a Form I-294 (Warning to Alien Ordered Removed or Deported) informing him that as an alien who has illegally reentered the United States, after having been previously deported or removed from the United States, that he was prohibited from entering, attempting to enter, or being in the United States for a period of 20 years from the date of his departure and that he may be charged criminally under federal statute for doing so;

q. That on May 21st, 2024, **LARIOS** was removed from the United States to Mexico, on foot, through the Hidalgo, Texas, Port of Entry;

r. That **LARIOS** illegally reentered the United States at or near an unknown place on or about an unknown date;

9. That on May 20th, 2026, your Affiant conducted automated record checks of immigration indices and was unable to locate any record that **LARIOS** was granted permission by the

Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission to the United States after deportation/removal;

10. That on May 20th, 2026, your Affiant submitted a request to the Dean Olvera, Supervisor Immigration Service Assistant Records, U.S. Citizenship and Immigration Services (USCIS)/Charlotte for a Certificate of Nonexistence for **LARIOS**;

11. That on May 22nd, 2026, your Affiant received a Certificate of Nonexistence of Record certifying there are no records of an I-212 (Application for Permission to Reapply for Admission into the United States After Deportation or Removal) for **LARIOS**;

12. That there is probable cause to believe that **Carlos Yoel LARIOS-Pablo**, having been found in the United States on or about May 19th, 2026, after being previously arrested and removed from the United States, and having entered the United States without obtaining permission from the Attorney General of the United States or the designated Secretary of the Department of Homeland Security to reapply for admission into the United States, is in the United States in violation of Title 8 United States Code, Section 1326(a).

Further your affiant sayeth not.

*This affidavit was reviewed by SAUSA Annabelle Chambers.*

/S/ Christopher Keith
Date: May 26th, 2026
Deportation Officer
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable electronic means, on this 27th day of May, 2026, at 9:03 AM.

W. Carleton Metcalf
United States Magistrate Judge